IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL THOMAS, #42445-083 | * |
| v. | * CIVIL ACTION NO. PJM-10-246 |
| ERIC H. HOLDER, et al. | * |

***

## MEMORANDUM OPINION

Plaintiff, a Bureau of Prisons ("BOP") inmate currently confined at the Federal Correctional Institution ("FCI") – Cumberland, Maryland, filed this Complaint on January 29, 2010. It has been generously construed as raising claims under 28 U.S.C. §§ 1331[1] and the Federal Tort Claims Act ("FTCA"). Plaintiff alleges that he lost his vision in 2004, while serving his federal sentence at the United States Penitenitary ("USP") in Lee County and was flown to the Federal Medical Center ("FMC") in Butner, North Carolina for emergency brain surgery. He claims that his legal documents could not be located at that time, nor at the other Bureau of Prisons facilities to which he was transferred to in 2005, 2008, and 2009. He holds the Wardens at each BOP prison responsible for the loss of his property. Paper No. 1. Plaintiff seemingly requests damages of $1,000.00 a day for each day his property has been lost, an additional $2,500.00 in damages, and to have his court documents restored on audio tape or compact disc to accommodate his blindness. Paper No. 6.

Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Paper No. 9. Plaintiff filed his Opposition and Defendants have filed a Reply. Paper Nos. 11 & 12. No hearing is deemed necessary and the case may be determined on the pleadings. *See* Local Rule

---

[1] As a federal prisoner, Plaintiff asserts his civil rights claims pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

105.6. (D. Md. 2010). For reasons to follow, Defendants' dispositive motion, treated as a motion for summary judgment, shall be granted.

II. *Standard of Review*

*Motion for Summary Judgment*

Fed. R. Civ. P. 56(c)(2) provides that:

[Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

III. *Analysis*

Defendants seek dismissal of the *Bivens* civil rights allegations on the grounds of non-exhaustion under 42 U.S.C. § 1997e(a) and statute of limitations. They also assert that judgment is warranted on the FTCA claim because Plaintiff has failed to file an Administrative Tort Claim with the BOP regarding the loss of personal property, including but not limited to legal documents.

There is no dispute that Plaintiff was designated to USP Lee in Jonesville, Virginia from November 25, 2003, to December 29, 2004. Paper No. 9, Ex. 1 at Attachment D. He was then designated to FMC Butner, North Carolina from December 29, 2004, to December 8, 2005, when he was transferred to the USP Big Sandy in Inez, Kentucky. *Id.* He was designated to USP Big Sandy from December 8, 2005 to July 18, 2007, and again from August 29, 2007 to September 18, 2008. Plaintiff was then designated to USP Hazelton in West Virginia from October 8, 2008 to June 16, 2009. He was designated to FCI-Cumberland on June 22, 2009. *Id.* He is serving a life plus sixty-five year sentence for conspiracy to possess with intent to distribute cocaine, murder in relation to a drug conspiracy, and multiple drug distribution and firearm counts, in violation of 21 U.S.C. §§ 841, 846 & 848(e)(1)(A) and 18 U.S.C. § 924(c).[2] *Id.*, Ex. 1, Littlejohn Decl. at Attachment A.

1. *Bivens* Complaint

---

[2] The criminal docket in *United States v. Thomas*, Criminal No. 97-CR-00445-JBF (E. D. Va), shows that Plaintiff was sentenced on June 17, 1998. On May 24, 1999, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. Plaintiff's first motion to vacate was denied on September 6, 2000. On June 28, 2001, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. On May 6, 2002, Plaintiff's motion for new trial was denied by the District Court in Virginia. On February 23, 2006, Plaintiff's motion for reconsideration was construed as a successive motion to vacate and was dismissed and denied by the District Court.

3

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 212-217 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *See Chase v. Peay*, 286 F.Supp.2d 523, 530 (D.Md. 2003); *see also Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review). The BOP four-step process for resolution of prisoner complaints can be used to resolve

challenges to the receipt of health care. *See* 28 C.F.R. § 542.10 and § 542.12.

Defendants affirm—through the submission of declaration and Plaintiff's records-- that between March 13, 2006 and April 14, 2010, Plaintiff submitted fifteen administrative remedies and not one of the remedies pertains to the loss of his personal property or legal documents. Paper No. 9, Ex. 1 at Attachment C. Plaintiff does not refute this claim, but appears to raise an equitable estoppel argument, claiming that he should be exempt from the exhaustion requirement because of his disability. Paper No. 11. He alleges that it would be "futile" for a "completely blind" prisoner to "seek relief through the BOP remedial channels" because he is illiterate, has no adequate access to legal materials that accommodate his disabled condition, and has no adequate legal or administrative assistance to help him file administrative remedies, civil actions and tort complaints.

The Court finds Plaintiff's estoppel argument unpersuasive. The undisputed fact remains that, despite his disability, he was able to file fifteen administrative remedies over a four-year period from 2006 to 2010. He did not, however, grieve his property loss. Therefore, the civil rights claim regarding Plaintiff's legal property shall be dismissed for non-exhaustion.

Further, even if the non-exhaustion ground was not dispositive of Plaintiff's access-to-courts claim, the undersigned would find it subject to dismissal on statute of limitations grounds. In *Wilson v. Garcia,* 471 U.S. 261, 276 (1985), the Supreme Court held that all § 1983 actions brought within a single state are governed by that state's statute of limitations for personal injury actions. In *Chin v. Bowen,* 833 F.2d 21, 23-24 (2nd Cir. 1987), the Second Circuit held that the same statute of limitations should apply to a *Bivens* action, which resembles actions under § 1983, the principal difference being that a *Bivens* action remedies a constitutional violation by a federal-rather than a state-agent. In *Chin,* the Second Circuit reasoned that the two forms of action (*Bivens* and § 1983) "are not significantly dissimilar ... in terms of [i] the interests being protected, [ii] the relief which

may be granted, and [iii] the defenses which may be asserted," and we therefore determined that the same statute of limitations should apply. *Id.* at 23 (citation omitted).

Plaintiff here alleges that his legal materials were lost in November 2004, when he was incarcerated at the USP Lee in Jonesville, Virginia. Plainly, he knew of his loss at that time. He did not file this Complaint until January 2010, almost six years after his civil rights claim accrued and, as noted by Defendants, under the applicable state statute of limitations, his *Bivens* claim should be dismissed as untimely.[3]

2.  FTCA claim

Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994). As a waiver of sovereign immunity, the FTCA is to be narrowly construed. *See United States v. Nordic Village, Inc.*, 503 U. S. 30, 34 (1992). Immunity is not waived for any claim based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(d).

As a jurisdictional pre-requisite to the district court's jurisdiction over an FTCA claim, Plaintiff must submit documentary proof that he exhausted administrative remedies by filing an

---

[3] Although not addressed by Defendants, the Court observes that Plaintiff has failed to demonstrate how he has been injured by the loss of the legal documents. He identifies the missing legal materials as criminal case documents given to him by his federal defense attorney. As already indicated, the federal court docket in the District of Virginia shows that Plaintiff filed his appeal, motion to vacate and motion for new trial prior to 2002, and he was able to file a motion for reconsideration in 2006. It is therefore not clear how the absence of the legal materials has injured Plaintiff. A prisoner wishing to demonstrate a Fourteenth Amendment burden on his right of access to the courts "must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis v. Casey*, 518 U. S. 343, 355 (1996).

administrative tort claim with the BOP. *See* 28 U.S.C. § 1346(b). This requirement is jurisdictional and cannot be waived. *See Ahmed v. United States,* 30 F.3d 514, 516 (4th Cir. 1994). The exhaustion requirement is met if the claimant has "first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing. *See* 28 U.S.C. § 2675(a).

Where, as here, there is no evidence that Plaintiff filed the required tort claim with the BOP regarding the loss of his property before filing this action,[4] the Court is divested of subject matter jurisdiction to review the FTCA claim.[5]

IV. *Conclusion*

For the foregoing reasons, Defendants' Motion for Summary Judgment shall be granted. Judgment shall be entered in favor of Defendants and against Plaintiff.

 

August 17, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[4] In his Opposition response Plaintiff appears to argue that it was not his intention to file an FTCA complaint. Paper No. 11.

[5] Plaintiff's disability did not prevent him from filing an administrative tort claim with the BOP in 2006, alleging medical negligence.

7